■    In the Matter of JOHN CASEY et al., Petitioners, v. MARTIN P. CATHERWOOD, as Industrial Commissioner of the State of New York, Respondent, and NEW YORK STATE THRUWAY AUTHORITY, Intervening-Respondent.— Proceeding under article 78 of the CPLR to review a determination of the respondent State Industrial Commissioner, dated February 17, 1969, which dismissed petitioners' complaints for a determination of the prevailing rate of wages in their trade or occupation, pursuant to section 220 of the Labor Law. Determination confirmed and proceeding dismissed on the merits, without costs. Petitioners are employed by the New York State Thruway Authority as bridge painters on the Tappan Zee Bridge. In 1966 they filed wage complaints with the State Industrial Commission, alleging that they were being paid less than the prevailing wage rate in the locality and that they were entitled to the prevailing rate pursuant to the provisions of section 220 of the Labor Law. The Commissioner dismissed their complaints on the ground that they were employed in graded positions of the civil service and thus came within the rule of *Matter of Corrigan* v. *Joseph* (304 N. Y. 172), which held that section 220 does not apply to municipal employees in the graded service. We believe the Commissioner's determination was correct. Subdivision 6 of section 354 of the Public Authorities Law provides that the Thruway Authority has power: " To appoint officers, agents and employees and fix their compensation; subject however to the provisions of the civil service law, which shall apply to the authority as a municipal corporation other than a city ". Clearly, this statute makes the Authority subject to the Civil Service Law with respect to the grading and compensation of the Authority's employees. Moreover, it puts the Authority in the same category as a municipality with respect to the applicability of the Civil Service Law. As petitioners are in the graded service of the Authority, they are thus in effect in the graded service of a municipal corporation. Hence, they come squarely within the rationale of *Corrigan* v. *Joseph* (*supra*) and consequently are excluded from the coverage of section 220 of the Labor Law. Christ, P. J., Rabin and Benjamin, JJ., concur; Munder, J., dissents and votes to annul the determination and remit the matter to the respondent Commissioner for a further hearing to determine the prevailing rate of wages to which

petitioners are entitled under section 220 of the Labor Law, with the following memorandum: Petitioners are employed by the New York State Thruway Authority as bridge painters on the Tappan Zee Bridge. The respondent Commissioner, on the authority of *Matter of Corrigan* v. *Joseph* (304 N. Y. 172), dismissed their complaints whereby they had sought to invoke the prevailing-rate-of-wages provisions of section 220 of the Labor Law. In *Corrigan* the court held that, because of the superior mandate of the Civil Service Law, the prevailing wage provisions of section 220 do not apply to employees in graded positions in the competitive class of the civil service. The situation is different at bar. In *Corrigan*, the court stressed that the essence of the civil service system was grading and that grading, in turn, was based upon the merit and fitness of the particular employees. Here, there was evidence that merit and fitness played no part in the selection of bridge painters. Furthermore, the Authority asserts that it is not subject to the Civil Service Law's grading and compensation requirements. This view is confirmed by the Administrative Director of the Department of Civil Service, the respondent Commissioner and the Attorney General — all of whom agree that the Authority is *not* bound by the Civil Service Commissioner or the Civil Service Law in fixing the compensation of its employees. Since this is so, despite the language of subdivision 6 of section 354 of the Public Authorities Law upon which the majority relies, there is no reason why section 220 should not apply. The aim of section 220 is to protect workingmen from being obliged to accept wages below the prevailing rate from a public employer, and, as the Court of Appeals has stated repeatedly, this section "must be construed with the liberality needed to carry out its beneficient purposes" (*Bucci* v. *Village of Port Chester*, 22 N Y 2d 195, 201). (Beldock, P. J., deceased.)