Memorandum. The order of the Appellate Division should be affirmed, without costs.
The submissions on this appeal have not been helpful in resolving in which public body, if any, resided the power to classify positions and allocate positions to grades among permanent laborers, workmen, and mechanics in the employ of the Buffalo Board of Education. If a public body or bodies authorized to classify positions and allocate them to grades had effectively done so, section 220 of the Labor Law would not be applicable (Matter of Corrigan v Joseph, 304 NY 172, 182-183; Matter of Casey v Catherwood, 34 AD2d 806, affd 28 NY2d 702).
*784 Examination of the Rules of the Buffalo Municipal Service Commission reveals that this commission has the power to grade positions in the competitive class "according to the compensation plan adopted by the body having authoritative jurisdiction over the salaries of said positions” (Rules for the Classified Civil Service, City of Buffalo [July, 1969], rule 21, subd 10, p 47).
Under the Education Law, the Buffalo Board of Education was once explicitly vested with the power to fix salaries, but the section was repealed without any substitute which research could reveal (Education Law, § 3102, subd 2; repealed L 1971, ch 123, § 1). Notably, however, there remain in the Education Law various provisions from which it might be inferred that the Board of Education retained its salary-fixing power (see, e.g., Education Law, § 2554, subd 2; § 2573, subd 12; § 2576, subd 1, par [a]).
The City Charter of Buffalo, on the other hand, purports to vest the power to fix salaries of municipal employees exclusively in the City Common Council (Buffalo City Charter, § 453; Local Laws, 1927, No. 4, as amd by Local Laws, 1959, No. 9). The charter specifies, however, that no salary shall be fixed except upon written recommendation of the head of the appropriate department, and evidently as a practical matter, the Buffalo Board of Education has been delegated the power to fix the salaries of its own employees. In fact, the Board of Education has both fixed salaries and allocated grades, and the City Common Council, by the appropriation of funds, has presumably approved this practice.
The Board of Education would appear therefore to be "the body having authoritative jurisdiction over * * * salaries”, to whose compensation plan the Municipal Civil Service Commission would defer for purposes of grading, if in fact it graded the positions. But instead the Board of Education directly did the grading. In the absence of any law barring either the Board of Education or the Common Council exercising these powers, and no provisions in the Rules of the Municipal Civil Service Commission giving that agency exclusive power to allocate positions to grades except where the authorized body has adopted a compensation plan, it is difficult to conclude from the present record or the submissions that the instant grading was ineffective. If effective, the grading, of course, precludes application of section 220 of the Labor Law. Consequently, there being no demonstration that the "grading” was *785 ineffective or that the power resided in some other public body than the Board of Education, the order should be affirmed.