■ In the Matter of MANUEL ACUNCI et al., Petitioners, v PHILIP ROSS, as Industrial Commissioner of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Industrial Commissioner, dated October 3, 1977, which, after a hearing, dismissed petitioners' complaints for a determination of the prevailing rate of wages in their trade or occupation pursuant to section 220 of the Labor Law. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The 28 petitioners are employed by the Village of Mount Kisco as workmen, laborers and mechanics under various titles. In 1976 they filed wage complaints with the State Industrial Commission, alleging that they were being paid less than the prevailing wage rate in the locality and that they were entitled to the prevailing rate pursuant to the provisions of section 220 of the Labor Law. After a hearing limited by stipulation to the issue of whether the petitioners were graded civil service employees, the commissioner dismissed their complaints on the ground that they were employed in graded positions of the civil service and thus came within the rule set forth in *Matter of Corrigan v Joseph* (304 NY 172), which held that section 220 does not apply to municipal employees in the graded service. The commissioner's determination was correct. Where a public body or bodies authorized to classify positions and allocate them to grades has effectively done so, section 220 of the Labor Law is not applicable (see *Matter of Buffalo Bldg. Trades Council of Buffalo Bd. of Educ. Employees v Board of Educ.,* 36 NY2d 782, 783, and the cited cases therein). The Westchester County Personnel Officer is charged with the duty of administering the civil service for the Village of Mount Kisco (see Civil Service Law, § 17, subd 1). The Westchester County Civil Service Rules* provide: "RULE 23. CLASSIFICATION PLAN 23.1 TITLES OF POSITIONS AND TITLE SPECIFICATIONS Positions under the jurisdiction of the Personnel Officer shall be assigned to the appropriate titles by the Personnel Officer. * * * RULE 24. GRADING OF POSITIONS Unless the legislative body of a municipality under the jurisdiction of the Personnel Officer shall have adopted a compensation plan, then for the purpose of promotion, demotion, transfer and reinstatement, all positions in the *competitive class* shall be graded as follows" (emphasis supplied). It is not disputed that the personnel officer classified the petitioners' positions jurisdictionally and that 3 of the petitioners are in

* In this proceeding, no attack may be made upon the administrative rules since the rule-making body was not joined as a party (see *Matter of Corrigan v Joseph,* 304 NY 172, n p 186; *Matter of Golden v Joseph,* 307 NY 62, 68).

the competitive class, 16 are in the noncompetitive class and 9 are in the labor class. However, on this record it is difficult to resolve in which public body, if any, resided the power to allocate the petitioners' positions to grades. The county personnel officer testified at the hearing that it was the function of the village to allocate the positions to the grades and that rule 24 does not apply to the Village of Mount Kisco. The village filed a classification plan and compensation schedule for the petitioners' job titles with the county personnel department. The personnel officer testified that he reviewed the plan to determine if the grading conformed to civil service requirements. The village manager testified that none of the salaries had ever been disallowed. Under rule 24, which is the only rule which applies to "grading", the village board appears to be the legislative body to whose compensation plan the personnel officer would defer for purposes of grading if in fact he graded the positions. However, the personnel officer testified that it was the function of the village to allocate the grades and, in fact, the village directly did the grading and the grading was apparently approved by the personnel officer. Petitioners do not claim that the Village of Mount Kisco is legally barred from exercising the power to grade the positions and there is no provision in the county civil service rules which gives the personnel officer exclusive power to allocate positions to grades except where the authorized body has adopted a compensation plan. Accordingly, it is difficult to conclude from this record that the instant grading was ineffective. There being no demonstration that the grading was ineffective or that the power resided in some other public body than the village, the grading precludes application of section 220 of the Labor Law and the determination should be confirmed (see *Matter of Buffalo Bldg. Trades Council of Buffalo Bd. of Educ. Employees v Board of Educ.,* 36 NY2d 782, *supra).* Damiani, J. P., Gulotta, Cohalan and Margett, JJ., concur.

