17-1021-cv
Wynn v. NYCHA

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of July, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             SUSAN L. CARNEY,
                      *Circuit Judges*.

_____

BRIAN WYNN, JOHN WILLIAMS, AWILDA
GUZMAN, JOSE OTERO, KEVIN FULTON,

                      *Plaintiffs-Appellants*,

             v.                                          17-1021-cv

NEW YORK CITY HOUSING AUTHORITY,
LOCAL 237 INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,

                      *Defendants-Appellees*.

_____

Appearing for Appellants:     Lee S. Nuwesra, New York, N.Y.

Appearing for Appellees:      Roger Briton, Jackson Lewis P.C., Melville, N.Y., *for New York City Housing Authority*

Alexandra J. Howell, Archer, Byington, Glennon & Levine LLP (Robert T. McGovern, *on the brief*), Melville, N.Y., *for Teamsters Local 237*

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*, Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of said District Court are **AFFIRMED**.

Appellants Bryan Wynn, John Williams, Awilda Guzman, Jose Otero, and Kevin Fulton appeal from two orders of the District Court for the Southern District of New York: a March 8, 2017 opinion (Schofield, *J.*) granting summary judgment to Appellees New York City Housing Authority ("NYCHA") and Local 237 of the International Brotherhood of Teamsters ("Local 237") and a January 16, 2016 order (Scheindlin, *J.*) denying class certification. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review grants of summary judgment de novo, viewing evidence in the light most favorable to the non-movants. *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015).

Appellants are Black and Hispanic individuals who work or worked for NYCHA as "Caretakers P," and they purport to represent a class of other persons working as Caretakers P. Their definition of the class has varied during the litigation, but, stated most broadly, it appear to include all minority Caretakers P employed by NYCHA beginning in April 2010. Along with other NYCHA employees, Caretakers P are represented in collective bargaining by Local 237. Caretakers P are paid less than the "prevailing wages"—that is, the wages earned by their counterparts in the private sector, "Plasterer Helpers." Appellants, pointing to the fact that over 90% of Caretakers P are Black and/or Hispanic, claim that NYCHA's failure to pay them the wages of Plasterer Helpers and Local 237's alleged failure to fight for NYCHA to do so is due to racial discrimination in violation of Title VII and the New York City Human Rights Law.

As a preliminary matter, we note that both the parties and the district court operated under the seemingly incorrect assumption that New York law only authorizes prevailing wages for public sector workers in the "Competitive Class." *See Wynn v. New York City Housing Authority*, 14 Civ. 2818, 2017 WL 933094 at *1 (S.D.N.Y. Mar. 8, 2017). We know of no authority—and, when prompted, the parties could not point to any—indicating that prevailing wages are only available to workers in the Competitive Class. Under New York Labor Law § 220(3)(a), *all* "laborers, workmen, or mechanics" working for a contractor on public works projects are entitled to "the prevailing rate of wages." *Cf. Golden v. Joseph*, 307 N.Y. 62, 67 (1954); *Casey v. Catherwood*, 311 N.Y.S.2d 562, 563 (N.Y. 2d Dep't 1970), *aff'd*, 28 N.Y.2d 702 (1971).

The question in this case is not whether Appellants and other Caretakers P were entitled to prevailing wages. The question is whether NYCHA's failure to pay those wages (or advocate to the Department of Citywide Administrative Services to classify Caretakers P appropriately) or

Local 237's failure to advocate for those wages can be attributed to racial discrimination. Appellants have failed to produce evidence that Local 237 was motivated by discriminatory intent in taking any action related to Caretaker P wages. Accordingly, Appellants' claims cannot survive summary judgment. *See Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008) (plaintiffs must introduce evidence establishing that an adverse action "occurred under circumstances giving rise to an inference of discriminatory intent" to survive summary judgment on a Title VII claim); *Ya-Chen Chen v. City University of New York*, 805 F.3d 59, 76-77 (2d Cir. 2015) (plaintiff must present "evidence from which a reasonable jury could conclude that discrimination on the basis of race…played a role in the [] Defendants' actions" to survive summary judgment on a NYCHRL claim).

Appellants' theory of discrimination rests entirely on a comparison with another group of NYCHA employees, called Mason Helpers, who also assist with construction. In contrast to Caretakers P, the majority of Mason Helpers identify as white and all of them are paid prevailing wages. However, Appellants have produced insufficient evidence to allow a fact-finder to determine that Mason Helpers' responsibilities are as similar to their private sector equivalents as those of Caretakers P to Plasterer Helpers. What evidence we do have reveals at least one major difference between Mason Helpers and Caretakers P, namely, Mason Helpers must undergo extensive training and pass an exam. On this record, a jury could not reasonably find that defendants were motivated by discriminatory animus.

Because we affirm the district court's dismissal of Appellants' discrimination claims on the merits, their challenge to the denial of class certification on those claims is moot. *See Dobson v. Hartford Financial Services Group, Inc.*, 389 F.3d 386, 402 (2d Cir. 2004).

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the orders of the district court hereby are AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk