In the Matter of RALPH MIELE, Petitioner, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

In the Matter of JULIUS LANDY et al., Petitioners, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

First Department, July 1, 1952.

*Leopold V. Rossi* of counsel (*Lester G. Knopping* and *John H. Scully* with him on the brief), for Ralph Miele, petitioner.

*Seymour M. Waldman* of counsel (*Louis Waldman* and *Martin Markson* with him on the brief; *Waldman & Waldman*, attorneys), for Julius Landy and others, petitioners.

*Alfred Weinstein* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel*, attorney), for respondent.

BERGAN, J. Petitioners are letterers and sign painters employed by the City of New York. In consolidated proceedings in pursuance of article 78 of the Civil Practice Act, they here seek to review determinations of the city comptroller holding they are not entitled to the benefit of a statutory direction

that the wages of workmen on " public work " shall be not less than the " prevailing rate of wages " for the " same trade or occupation " in the locality. This statutory direction is found in subdivision 3 of section 220 of the Labor Law.

The work in question involves the painting or lettering of signs and other information and identification legends on public buildings, piers, streets and public structures. A small percentage of the work is done separately on signs which are later attached to public structures.

On the argument the respondent did not press the point that there is any controlling difference in applicable principle between a sign painted directly on a public structure and one painted elsewhere and later attached to the structure. In neither case, the comptroller contends, is this " public work " within the scope of the statute. A sign either painted on, or painted first and then attached to, a structure, has nothing to do with the maintenance of the structure, it is argued, in the sense that repairs or preservative painting of the structure would be treated.

From this the inference is adduced that the making of signs is not public work within the statutory protection. The comptroller's report and findings in the petitioners' application express the view that the letterers and sign painters " do not construct, reconstruct, maintain or repair public works of the City of New York."

We regard this too narrow a view of the labor petitioners perform. The making of a public sign is public work. Depth, height, thickness, tensile strength or material are not the exclusive criteria of a structure having specific and permanent public usefulness. The sign carries out one part of the function of public safety and convenience; the bridge, the sidewalk, the traffic control signal, the radio antenna and the park bench carry out other parts of a similar function.

The test to be applied in determining what is public work is rather function than magnitude. It is not easy to conceive an instrument of public use better adapted functionally than a public sign. In any case we have little difficulty in distinguishing such employment as the petitioners' from that of laundry workers considered in *Matter of Pinkwater* v. *Joseph* (300 N. Y. 729). The decision in *Matter of Dinan* v. *Joseph* (278 App. Div. 692) which involved auto enginemen who operated motor vehicles in various capacities is distinguishable from this case.

There would seem to be no substantial difference in the applicability of the statute in the case of the mason who builds a brick wall or an electrician who lays a wire cable and a painter who paints a sign in the sense that any of the undertakings are " public " work.

The determinations of the comptroller should be annulled and the relief sought in the petitions granted, with $50 costs and disbursements.

DORE, J. (dissenting). I dissent and vote to confirm the comptroller's determinations (*Matter of Dinan* v. *Joseph,* 278 App. Div. 692, motion for leave to appeal granted 302 N. Y. 948 [1951]; *Matter of Pinkwater* v. *Joseph,* 275 App. Div. 757, affd. 300 N. Y. 729; *Matter of Flannery* v. *Joseph,* 300 N. Y. 149, 155). The jurisdictional issues herein should be passed upon by the Court of Appeals before the comptroller is obliged to engage in the extensive investigation involved in determining the prevailing rate of wages.

PECK, P. J., CALLAHAN and HEFFERNAN, JJ., concur with BERGAN, J.; DORE, J., dissents and votes to affirm, in opinion.

Determinations annulled and the relief sought in the petitions granted, with $50 costs and disbursements to petitioners. Settle order on notice.