In the Matter of JAMES GOLDEN et al., Appellants, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

In the Matter of JOSEPH MORACE et al., Appellants, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

In the Matter of WILLIAM F. McLEAN et al., Appellants, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

Argued March 3, 1954; decided May 20, 1954.

*Asher W. Schwartz* for James Golden and others, appellants. I. Petitioners are laborers, workmen or mechanics upon public works within the meaning of section 220 of the Labor Law. (*Matter of Pinkwater* v. *Joseph,* 300 N. Y. 729; *Matter of Gaston* v. *Taylor,* 274 N. Y. 359.) II. The comptroller's ruling that laborers, workmen or mechanics " upon public works " are only those who " construct, reconstruct, maintain or repair " public structures, is a misconstruction of section 220 of the Labor Law. (*Matter of Miele* v. *Joseph,* 280 App. Div. 408.) III. The comp-

troller's ruling that stationary firemen do not maintain public works is in error and his refusal to take testimony in proof thereof is reversible error. (*Austin* v. *City of New York,* 258 N. Y. 113.) IV. Assuming that the work of stationary firemen does not maintain public works, it was reversible error to refuse to consider evidence showing that this work includes the repair of public structures as related work and thus falls within the jurisdiction of the comptroller so limited by him.

*Roy P. Monahan* and *James T. Bredin* for Joseph Morace and others, appellants; and William F. McLean and others, appellants. I. Petitioners are laborers, workmen and mechanics upon public works within the meaning of section 220 of the Labor Law. (*Matter of Miele* v. *Joseph,* 280 App. Div. 408, 305 N. Y. 667; *Matter of Pinkwater* v. *Joseph,* 300 N. Y. 729; *Matter of Flannery* v. *Joseph,* 300 N. Y. 149; *Matter of Dinan* v. *Joseph,* 304 N. Y. 696; *Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38; *Matter of Watson* v. *McGoldrick,* 286 N. Y. 47; *Matter of Smith* v. *Joseph,* 300 N. Y. 516.) II. Petitioners have rights by statute to receive prevailing rates of wages. (*Matter of Corrigan* v. *Joseph,* 304 N. Y. 172; *Matter of Kornbluth* v. *Reavy,* 261 App. Div. 60; *Matter of Simons* v. *McGuire,* 204 N. Y. 253; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Rohr* v. *Kenngott,* 176 Misc. 838; *People ex rel. Davie* v. *Lynch,* 164 App. Div. 517; *Matter of Sippell* v. *Dowd,* 191 Misc. 558, 274 App. Div. 1027; *Matter of Poss* v. *Kern,* 263 App. Div. 320; *Matter of Woods* v. *Finegan,* 246 App. Div. 271; *Matter of O'Brien* v. *Delaney,* 255 App. Div. 385, 280 N. Y. 697; *Matter of Wittekind* v. *Kern,* 170 Misc. 939, 256 App. Div. 918, 281 N. Y. 701; *Matter of Kroll* v. *Clauson,* 297 N. Y. 698; *Maltbie* v. *Comprehensive Omnibus Corp.,* 190 Misc. 1017.) III. The order violates petitioners' rights under the Fourteenth Amendment of the United States Constitution.

*Noah Seedman* for Michael Hayes and others, appellants. The determination of the comptroller is based on partial, prejudicial and erroneous rulings and contrary to the law, and should therefore be reversed. (*Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38.)

*Sidney A. Fine* and *Morris Weissberg* for Clem B. Arminas and others, appellants. Petitioners, stationary firemen in public buildings, are laborers, workmen or mechanics upon public works within the meaning of section 220 of the Labor Law. (*McCarthy* v. *Mayor of City of N. Y.*, 96 N. Y. 1; *McAvoy* v. *City of New York*, 52 App. Div. 485, 166 N. Y. 588; *Matter of Gaston* v. *Taylor*, 274 N. Y. 359; *Matter of Miele* v. *Joseph*, 280 App. Div. 408, 305 N. Y. 667; *Drake* v. *State of New York*, 144 N. Y. 414; *Matter of Heaney* v. *McGoldrick*, 286 N. Y. 38; *Wright* v. *State of New York*, 223 N. Y. 44; *Smith* v. *State of New York*, 143 Misc. 38; *Austin* v. *City of New York*, 258 N. Y. 113; *Palmer* v. *Van Santvoord*, 153 N. Y. 612; *Matter of Stryker*, 158 N. Y. 526; *Matter of Corrigan* v. *Joseph*, 304 N. Y. 172.)

*Lester G. Knopping* and *John H. Scully* for James Molloy and others, appellants. I. Appellants are laborers, workmen or mechanics engaged in the construction, reconstruction, maintenance and repair of public works within the contemplation of section 220 of the Labor Law. (*Matter of Miele* v. *Joseph*, 305 N. Y. 667; *Austin* v. *City of New York*, 258 N. Y. 113; *Matter of Flannery* v. *Joseph*, 300 N. Y. 149; *Bohnen* v. *Metz*, 126 App. Div. 807, 193 N. Y. 676; *Ewen* v. *Thompson-Starrett Co.*, 208 N. Y. 245.) II. The rules and regulations of the municipal civil service commission classify appellants into Part 38 of the competitive class and fix the wages therein " at the prevailing rate of wages * * * as determined by law ". (*Matter of Corrigan* v. *Joseph*, 304 N. Y. 172; *Matter of Sullivan* v. *Williams*, 303 N. Y. 871.)

*David A. Savage* and *Donald A. Savage* for Louis Molnar and others, appellants. Petitioners are laborers, workmen, and mechanics upon public works within the meaning of section 220. (*Matter of Pinkwater* v. *Joseph*, 300 N. Y. 729; *Kirschbaum Co.* v. *Walling*, 316 U. S. 517; *Ullo* v. *Smith*, 177 F. 2d 101; *Martino* v. *Michigan Window Cleaning Co.*, 327 U. S. 173; *Chicago Cleaning Co.* v. *Industrial Bd. of Illinois*, 283 Ill. 177; *Connor* v. *City of Manchester*, 73 N. H. 233.)

*Adrian P. Burke, Corporation Counsel* (*Alfred Weinstein* and *Seymour B. Quel* of counsel), for respondent. I. An employee engaged to perform the duty of firing boilers is not

engaged in construction or maintenance. Accordingly, he · is not a workman '' upon * * * public works '' within the meaning of section 220 of the Labor Law. (*Matter of Pinkwater* v. *Joseph,* 300 N. Y. 729; *Matter of Dinan* v. *Joseph,* 304 N. Y. 696; *Matter of Miele* v. *Joseph,* 280 App. Div. 408, 305 N. Y. 667.) II. In answering the question as to whether the petitioners are engaged in construction or maintenance '' the civil service description of an employee's duties must be determinative.'' (*Matter of Flannery* v. *Joseph,* 300 N. Y. 149; *Wood* v. *City of New York,* 274 N. Y. 155; *Manning* v. *City of New York,* 150 Misc. 292; *Doyle* v. *City of New York,* 148 Misc. 503; *Maystrik* v. *City of New York,* 165 Misc. 327; *McCunney* v. *City of New York,* 40 App. Div. 482; *Farrell* v. *City of Buffalo,* 118 App. Div. 597.) III. A man who fires boilers is not engaged in the maintenance of public works. (*McGraw* v. *City of Gloversville,* 32 App. Div. 176; *Farrell* v. *Board of Educ. of City of N. Y.,* 113 App. Div. 405; *Carter* v. *City & County of Denver,* 114 Col. 33.) IV. No question of due process is involved.

DESMOND, J. All the petitioners-appellants are employed by the City of New York under the civil service title of '' Stationary Fireman ''. Their appeal here is by our leave from a unanimous order of the Appellate Division, First Department, confirming a determination of the comptroller of the City of New York in which, after hearings, he dismissed complaints filed by petitioners under section 220 of the Labor Law. The comptroller held that petitioners are not in such employment as entitles them, under that statute, to the '' prevailing rate of wages '' mandated by the statute to be paid to '' laborers, workmen or mechanics '' on public works. The argument against petitioners runs like this:

(1) That section 220 is available only to persons employed in the construction, maintenance or repair of public works (see *Matter of Pinkwater* v. *Joseph,* 300 N. Y. 729; *Matter of Dinan* v. *Joseph,* 304 N. Y. 696; *Matter of Miele* v. *Joseph,* 305 N. Y. 667).

(2) That the test of whether or not a city employee is engaged in the construction, maintenance or repair of public works is the municipal civil service commission description of his job duties

(*Matter of Flannery* v. *Joseph,* 300 N. Y. 149; *Matter of Dinan* v. *Joseph, supra*).

(3) That the civil service description of the job of stationary fireman: " To fire high pressure boilers with coal or oil; operate by hand low pressure boilers, burning either No. 5 or No. 6 oil; perform related work ", describes the operation of a mechanical facility only, and not construction, maintenance or repair work.

(4) That, because of the above, evidence was inadmissible, and the comptroller excluded it, to show that the actual job duties of these petitioners included the making of repairs on boilers.

Despite the exclusion from evidence, at the hearings, of proffered proof that these men regularly made repairs on the boilers they fired, the record before us contains allegations and admissions that it is regularly a part of the duties of such stationary firemen to make some of the repairs on their boilers even though there is a separate civil service classification of " Boilermaker ".

Regardless of the complexity of much of the case law as to the impact of section 220, this at least seems to be settled: that those whose work has to do with the construction and maintenance of the fabric and essential parts of public buildings are entitled to prevailing wages even though their connection with building construction and maintenance is as minimal as that of the sign painters and sign letterers who were held entitled to prevailing wages in *Matter of Miele* v. *Joseph* (*supra*). We think these petitioners are entitled to no less, and for these reasons:

(1) It is undisputed that they do regularly make boiler repairs — that is, they repair heating facilities which are necessary parts of the buildings.

(2) In so doing, they are not working " out of " their civil service titles, as was the case in *Matter of Flannery* v. *Joseph* (*supra*).

(3) The job definition here involved includes not only firing and operating boilers but also " related work " and it is undisputed that the related work includes a substantial amount of boiler repairs.

(4) These petitioners, as stationary firemen, have been classified by the municipal civil service commission in Part 38 of the competitive class, in a salary grade " at the prevailing rate of wages  *  *  *  as determined by law ".   We have indicated that grading is a controlling factor in the fixing of compensation for incumbents of positions in the graded services of the competitive class (see *Matter of Corrigan* v. *Joseph,* 304 N. Y. 172, 182; also Civil Service Law, § 6).   While the validity of such grading may be challenged in a direct suit against the officials who adopted and approved the grade, such grading except in such a suit, must be deemed valid in any subsequent administrative or judicial proceeding wherein any collateral attempt is made to question the legality of the grading (see *Matter of Corrigan* v. *Joseph, supra,* p. 186, note).   Therefore, the grading of the petitioners in Part 38 of the competitive class at the prevailing rate of wages, not directly challenged, entitles them to section 220 relief, procedurally, rather than relegating them to suits at law for those same prevailing wages.

(5) Section 220 itself contains, in its subdivision 4 (par. a), an exclusion of " Stationary firemen in state hospitals ", which certainly suggests that other stationary firemen, like these petitioners, are under the statute.

(6) The work of petitioners is at least as closely related to the preservation and maintenance of physical structures as were the sign painters in *Matter of Miele* v. *Joseph* (*supra*).

The order appealed from should be reversed, with costs, and the matter remitted to respondent comptroller, for further proceedings not inconsistent with this opinion.

LEWIS, Ch. J., CONWAY, DYE, FULD and FROESSEL, JJ., concur; VAN VOORHIS, J., taking no part.

Order reversed, etc.