1 N.Y.2d 708 (1956)
In the Matter of Stephen Don et al., Respondents,
v.
Lazarus Joseph, as Comptroller of the City of New York, Appellant.
Court of Appeals of the State of New York.
Argued February 6, 1956.
Decided March 23, 1956.
Peter Campbell Brown, Corporation Counsel (Alfred Weinstein and Seymour B. Quel of counsel), for appellant.
Benjamin Heller and Bernard A. Abrashkin for respondents.
Concur: CONWAY, Ch. J., DESMOND, DYE and FULD, JJ. VAN VOORHIS, J., dissents in the following opinion. Taking no part: FROESSEL and BURKE, JJ.
Order affirmed, with costs. The classification of petitioners by the municipal civil service commission in Part 38 of the competitive class in a salary grade "at the prevailing rate of wages * * * as determined by law" entitled them to prevailing wages in this proceeding under section 220 of the Labor Law. (Matter of Golden v. Joseph, 307 N.Y. 62, 68.)
VAN VOORHIS, J. (dissenting).
The order appealed from remits this proceeding to the comptroller of the City of New York for fixation of petitioners' wages according to the prevailing rate under section 220 of the Labor Law. In my view, the comptroller should first be required to determine whether petitioners come within the purview of that section. The law is settled that in order to be covered by section 220, municipal employees must perform services in connection with the construction, replacement, maintenance or repair of buildings or other public works (Matter of Pinkwater v. Joseph, 300 N.Y. 729). The comptroller has declined to fix their compensation at the prevailing wage under section 220 upon the ground that the municipal civil service commission's description of their jobs does not indicate that their duties pertain to public works. This job description is as follows: "To remove, repair and replace auto seats, cushions, back rests, panels and trim of passenger cars, trucks and special equipment; make special seats and curtains as required; repair and reupholster leather furniture; make and repair side curtains; make canvas covers to measurements from sketches; lay out, cut and sew the work; select proper grades of ticking, leather, cloth and other materials; the duties include sewing both by hand and on machine; perform related work."
This description leaves open the possibility that these employees may do upholstery work upon fixtures that are attached to and constitute part of public buildings. Matter of Golden v. Joseph (307 N.Y. 62) requires remission of the matter to the comptroller to ascertain whether this is the fact, and, if it is the fact, to determine the amount of the prevailing wage which in that event they would receive.
The ground on which the Appellate Division held that petitioners are entitled to be paid the prevailing wage is not that *711 these employees do perform work on public buildings, but that the municipal civil service commission has recited in Part 38 of its rules for the competitive class that their compensation "is fixed at the prevailing rate of wages * * * as determined by law." Notwithstanding that the civil service description of the duties of these carriage upholsterers contains no statement which of itself would bring them within section 220 of the Labor Law, and the board of estimate has not directed that they be paid at that rate, the Appellate Division by a divided court has held that this recital by the municipal civil service commission of a conclusion of law that employees in Part 38 are entitled to the prevailing rate of wages is conclusive, and that while it stands the courts cannot look behind it. This language in the commission's rules that these employees are compensated at the prevailing rate "as determined by law" does not place them in any salary grade, or indicate that they have been placed in any salary grade by the appointing power, but is merely an expression of opinion by the commission that they are covered by section 220. Such an expression of opinion by the commission does not establish that these petitioners are covered by section 220 even prima facie. The civil service commission does not have the power to fix their compensation, but that power is lodged in the board of estimate unless section 220 controls. Whether they are entitled to be paid at the prevailing rate depends upon whether the nature of their work brings them within section 220. In the language of the civil service commission's description of their jobs there is no reference to anything necessarily pertaining to the construction, maintenance or repair of public works, and the work which they are scheduled to perform would therefore not entitle them to the prevailing wage rate under section 220 unless it were proved before the comptroller that they are actually engaged in such work. Whether they are entitled to the prevailing wage does not depend upon whether the commission thinks that their duties bring them within the protection of section 220. It may be that the description given by the civil service commission to the duties to be performed by these carriage upholsterers is not conclusive. The difficulty with the Appellate Division's decision is that it has apparently held that the civil service commission's determination (unless vacated in a separate proceeding to which it is a party) is final on the bare question of law, viz.: whether petitioners are entitled *712 to the prevailing rate of wages regardless of whether they do any work on public buildings  in other words, that the civil service commission has power to hold that section 220 applies to these employees regardless of whether by its language it has any application to the duties of the position.
The order appealed from should be modified so as to remit the proceeding to the city comptroller for the purpose of determining whether petitioners come within the coverage of section 220 of the Labor Law and, if he finds that they do, to determine the prevailing rate of wages for petitioners.
Order affirmed, etc.