■ In the Matter of BUFFALO BUILDING TRADES COUNCIL OF THE BUFFALO BOARD OF EDUCATION EMPLOYEES, by DONALD BLAIR, its President, et al., Appellants, v. BOARD OF EDUCATION OF THE CITY OF BUFFALO, Respondent.— Judgment unanimously affirmed, without costs. Memorandum: Petitioners-appellants contend that the action of the respondent Board of Education was illegal in placing the Council's members in a graded class and thereby setting a wage grade other than the prevailing rate of wages paid in the community for the same type of work. They argue that section 220 of the Labor Law requires that the board compensate its employees at the prevailing rate. The authority of the board to reclassify the positions from an ungraded to a graded competitive class is provided in subdivision 5 of section 2503 of the Education Law and Special Term properly held that "section 220 of the Labor Law is inapplicable to graded civil service positions". Appellants' reliance upon *Matter of Gaston* v. *Taylor* (274 N. Y. 359) is misplaced, for in *Gaston* the court (p. 363) stated that it was dealing with employees "in 'ungraded' or non-competitive employment". The employees in the article 78 proceeding before us were reclassified into the graded service which distinguishes them from the *Gaston* employees, as was determined by the Court of Appeals in *Matter of Corrigan* v. *Joseph* (304 N. Y. 172). Appellants characterize *Corrigan* as an "anomalous decision" and counter by citing *Matter of Don* v. *Joseph* (1 N Y 2d 708) and

*Matter of Golden* v. *Joseph* (307 N. Y. 62). In *Don* (p. 710) the court stated that "The classification of petitioners by the municipal civil service commission in Part 38 of the competitive class in a salary grade 'at the prevailing rate of wages ⁜ ⁜ ⁜ as determined by law' entitled them to prevailing wages in this proceeding under section 220 of the Labor Law". In the case at bar there was no such classification of the appellant employees. Similarly, in *Golden* one of the reasons why the court held that petitioners were entitled to the prevailing wages was the statement (p. 68) that "These petitioners, as stationary firemen, have been classified by the municipal civil service commission in Part 38 of the competitive class, in a salary grade, 'at the prevailing rate of wages ⁜ ⁜ ⁜ as determined by law'". The *Corrigan* case is factually analogous to the instant appeal and is determinative of this proceeding. The latest pronouncement by the Court of Appeals in *Matter of Casey* v. *Catherwood* (28 N Y 2d 702, 703) reaffirms that court's decision in *Corrigan* in its statement "that section 220 of the Labor Law did not apply to municipal employees in the graded service". Appellants' petition was properly dismissed. (Appeal from judgment of Erie Special Term in article 78 proceeding to compel payment of comparable wages.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Simons, JJ.