OPINION OF THE COURT
William P. McCooe, J.
Petitioner is seeking to mandamus the respondent to incorporate within its standard form of contracts for the fabrication and installation of telecommunications facilities a provision of section 17 of article I of the New York State Constitution and subdivision 3 of section 220 of the Labor Law mandating the payment of salaries at not less than “the prevailing rate of wages” for certain classes of employment in “public works”. Petitioner is an organization composed of representatives of labor and management in the electrical industry and closely allied with Local No. 3, I.B.E.W., AFL-CIO. The respondent is the chief executive of the City of New York.
The City of New York has entered into two contracts for the installation of telecommunication systems without the inclusion of the afore-mentioned provision with Northern Telecom, Inc., which seeks to intervene in this proceeding. *869 Northern Telecom, Inc., hereinafter referred to as “Telecom” states that it was advised by the city prior to entering into the contracts that the “prevailing rate of wage” provision was inapplicable. Intervention is requested and granted. (CPLR 1013.)
The substantive defense to the noninclusion of the provision is that it is inapplicable to contracts for the purchase of goods. It is argued that the contracts are primarily for the sale of equipment and only incidentally for labor since installation labor costs only comprise approximately 12-20% of the contract price. Procedurally the respondent pleads the four-month Statute of Limitations (CPLR 217), laches, petitioner’s lack of standing and failure to exhaust administrative remedies.
Petitioner argues that the work performed under the contracts comes within the afore-mentioned statute and the fact that the cost of labor is substantially less than the cost of the equipment is of no significance. The respondent does not deny that the type of work to be performed in the contract comes within the intendment of the statute, but argues that it is incidental to a contract for the purchase of goods.
Subdivision 3 of section 220 of the Labor Law insofar as relevant states: “The wages to be paid for a legal day’s work, as hereinbefore defined, to laborers, workmen or mechanics upon such public works, shall be not less than the prevailing rate of wages as hereinafter defined.”
Section 220 of the Labor Law should be accorded a liberal construction (Bucci v Village of Port Chester, 22 NY2d 195, 201; Matter of Smith v Joseph, 275 App Div 201, affd 300 NY 516; Matter of Long Is. Light. Co. v Industrial Comr. of N. Y. State, 40 AD2d 1003). The term “public works” is not synonymous with public contracts but the courts have given a liberal interpretation to the term (Golden v Joseph, 307 NY 62; Matter of Miele v Joseph, 280 App Div 408, affd 305 NY 667). The type of work performed in Golden was that of stationary fireman and in Miele that of sign painter. The decision of the Appellate Division in Miele states (at p 409), “The sign carries out one part of the function of public safety and convenience; the bridge, the *870 sidewalk, the traffic control signal, the radio antenna and the park bench carry out other parts of a similar function.” A complex telecommunication system requiring electricians to install and service the equipment comes within the category of “public works”. The affidavit of Ira Lieberman, an officer of one of the bidding telecommunication systems corporations in support of respondent’s position describes the scope of work in detail and makes it clear that extensive construction-type labor is involved in the installation of what he refers to as “a permanent improvement to the structure.” The recent enactment of section 230 of the Labor Law giving building service employees similar prevailing rate of wages coverage indicates a legislative intent to enlarge the scope of persons employed in public works.
The respondent argues that the contracts in question are only incidentally "for labor and principally for the sale of goods which would exclude them from the prevailing wage provisions. Authority for that proposition is allegedly found in Downey v Bender (57 App Div 310) where the contract provided for the sale of gas and electricity to the State and as the court points out (at p 314), the court did not pass on the issue because of a deficiency in the pleading. The case is apparently distinguishable since the issue was not determined. The ratio of the cost of labor to the goods themselves should not be determinative and there is no basis in law or logic for making a determination on such an arbitrary basis. This is the age of electronic equipment where the cost of the equipment can far exceed the cost of labor for installation and repair. Acceptance of the argument advanced would exclude the sign painter from protection when the sign was large and expensive and include him when it was small and inexpensive since the services-to-material ratio was below a certain undetermined percentage. The test of the applicability of section 220 should be whether there are persons within the enumerated classes of employment engaged in public work and not determined by an arbitrary numerical ratio of labor to material.
Failure to exhaust administrative remedies is the first' procedural defense to be considered. The law is clear but *871 the facts are not. The respondent’s brief states the law but not its application to the facts. The petitioner is apparently proceeding on the basis that the city has already made a determination that the respondent has fixed the “prevailing rate” applicable to the contracts in question based upon the letter from the Chief, Labor Law Division, Office of the Comptroller, dated April 30,1980, marked Exhibit B. This determination having been made, it is apparently argued, no administrative proceeding need be held. This argument, never addressed by the respondent, gives the letter a misplaced value. The letter has not been shown to be applicable to the contracts in question and the authority of the signer has not been shown. This would ordinarily dispose of the issue since there was no administrative review but the respondent’s papers include an affidavit from Edward Walla, Assistant to the Second Deputy Comptroller, dated February 25, 1982 which states that section 220 of the Labor Law is inapplicable to these contracts. It is the Comptroller who, acting as a judicial officer, under subdivisions 7 and 8 of section 220, holds a hearing to determine prevailing rates of wage. He will not hold a hearing if he determines, as a matter of law, the work is not covered by section 220. (Matter of Gaston v Taylor, 274 NY 359, 363.) The affidavit should be considered a final determination by the administrative agency charged with the responsibility to make such a decision. Actually the question is only one of timing since the petitioner must have the prevailing wage set by the Comptroller in any event. Furthermore, “where only questions of law are involved direct application for relief may be made to the court.” (Kovarsky v Brooklyn Union Gas Co., 279 NY 304, 312.)
The respondent argues the defense of the Statute of Limitations (CPLR 217). The final determination necessary to trigger the running of the Statute of Limitations would be the determination by the Comptroller. There was no formal determination but only the informal determination in the affidavit. The Statute of Limitations has either not commenced to run, if you accept the respondent’s failure to exhaust the administrative remedies argument, or should be deemed commenced at the date of receipt of *872 the affidavit already, referred to. Accepting either time period, the Statute of Limitations has not expired. The defense of laches is also unavailable since there is no inordinate delay shown. The petitioner has standing to commence this proceeding. (Boryszewski v Brydges, 37 NY2d 361, 364-365; Matter of Burke v Sugarman, 35 NY2d 39, 44; Matter of Taylor v Sise, 33 NY2d 357, 362; Morgenthau v Cooke, 85 AD2d 463.)
Mandamus is the proper procedural course when the petitioner has shown a clear legal right to the relief sought (Matter of Gaston v Taylor, supra).
Petition granted.