OPINION OF THE COURT
Peter E. Corning, J.
THE FACTS
The petitioner has brought this action pursuant to CPLR article 78 for a permanent injunction restraining the respondents from enforcing subdivision 3 of section 220 of the Labor Law against the contractors engaged in the construction of the Detection Systems, Inc., facility located in Perinton, New York, and declaring the section inapplicable to the project. An order to show cause and a temporary restraining order were issued by Justice Wilmer J. Pat-low on November 10, 1982, ultimately returnable before me in Rochester, New York, on November 23, 1982. The respondents appeared in the proceeding in opposition, and the Rochester, New York Building and Construction Trades Council has appeared as amicus curiae in opposition to the relief requested.
*106 The petitioner had previously moved by motion papers dated November 3, 1982, to quash an administrative subpoena duces tecum from respondent Valentine and asks that that proceeding be consolidated for decision with this motion as the issues are identical or, alternatively, that the court postpone decision of the motion to quash pending a determination herein.
The matter has been briefed by the parties and is ready for decision.
The petitioner is a New York corporation engaged in the contracting business and involved in the construction of an office and storage facility for Detection Systems, Inc. (Detection), in the Perinton Industrial Estates, in the Town of Perinton,. County of Monroe, New York. The facility is being financed by the issuance of industrial development bonds by the County of Monroe Industrial Development Agency (COMIDA), which fact the respondents claim constitutes the project a “public work” within the meaning of section 220 for which “prevailing wages” pursuant to subdivision 3 of section 220 must be paid. The respondents further contend that since the construction is for the benefit of the public in the broad sense, that the project constitutes “public works”.
Respondents seek dismissal of the petition and a declaration that section 220 is applicable to the instant project, and a further order compelling petitioners to comply with the subpoena requiring the production of their wage records on the project. The respondents claim that application of section 220 to the instant case is not the result of administrative rule making but “merely the application of a legislative mandate”.
The petitioner argues that the Detection Systems Project is not a “public work” and that “prevailing wages” need not be paid. Accordingly, petitioner argues, the respondents lack the authority to enforce subdivision 3 of section 220 of the Labor Law mandating prevailing wages in connection with this project, whose only connection to a public body is its financing through tax-exempt industrial development bonds.
*107 DISCUSSION
The questions presented herein require the interpretation of subdivisions 2 and 3 of section 220 of the Labor Law. Subdivision 2 of section 220 provides that each contract to which the State or a public benefit corporation, etc., is a party and which may involve the employment of laborers, workmen or mechanics shall contain a stipulation regarding maximum hours to be worked each day and maximum days per week. Subdivision 2 of section 220 continues on to describe the circumstances under which such laborers, workmen, etc., on “public work” or “public projects” can be granted a dispensation to work beyond the statutory maximum periods.
Subdivision 3 of section 220 states, in pertinent part, that “The wages to be paid for a legal day’s work, as hereinbefore defined, to laborers, workmen or mechanics upon such public works, shall not be less than the prevailing rate of wages as hereinafter defined.” (Emphasis added.) No specific definition of “public work” or “public projects” is provided by section 220. The above subdivisions of section 220 implement section 17 of article I of the State Constitution-regarding duration of work and prevailing wages.
The only case authority directly on point is the recent decision of Justice Norman E. Joslin dated January 10, 1983, which held that industrial development projects were not “a public work so as to render [them] subject to the application of Section 220 of the Labor Law.” (Erie County Ind. Dev. Agency v Roberts, Supreme Ct, Erie County, 1983.)
Resolving the issue of whether the project is a “public work” or “public project” within the meaning and intent of subdivision 3 of section 220, is in my opinion, determinative of the questions presented herein.
Unfortunately, section 220, the statute in question, provides no definition of what constitutes a “public work” or “public project”. New York case law[1] instructive on what is *108 a “public work” or “public project” for the purposes of section 220, other than the decision of Justice Joslin (supra) is not extensive. Matter of Miele v Joseph (280 App Div 408, 409, affd without opn 305 NY 667) states that “[t]he test to be applied in determining what is public work is rather function than magnitude.” (Emphasis added.)[2] An earlier decision, McAvoy v City of New York (52 App Div 485, 490, affd without opn 166 NY 588), recites that “[t]he statute has in view the nature of the work, and not the person who procures it, to be done.” (Emphasis added.) Of more recent vintage, Varsity Tr. v Saporita (71 AD2d 643, affd 48 NY2d 767), in discussing “public works” under section 220 holds at page 644: “Finally, there is no merit in Varsity’s contention that the board’s contract proposals violate the ‘prevailing wage’ provisions of section 220 of the Labor Law and section 17 of article I of the New York State Constitution. It is hornbook law that the Labor Law provision applies only to workers involved in the construction, replacement, maintenance and repair of‘public works’ in a legally restricted sense of that term (Matter of Pinkwater v Joseph, 300 NY 729); the school bus drivers and matrons who are the subject of the instant contract proposals do not fall within the class of employees covered by the law (see, also, Matter of Golden v Joseph, 307 NY 62; Matter of Miele v Joseph, 305 NY 667). Furthermore, section 17 of article I of the State Constitution extends the protection of section 220 of the Labor Law to contractors and subcontractors engaged in ‘public works’, but was not intended to broaden the definition of ‘public works’.” (Emphasis added.)
THE INSTANT CASE
The plain language interpretation of the words “public work” or “public project” bring to mind the construction of *109 roads, parks, public schools, highways, municipal buildings and other such categories for the use of the public in general, being works constructed for public use rather than, as herein, where the public will, at most, only indirectly benefit. “Public works”, in the legally restricted sense of that term (Varsity Tr. v Saporita, supra), does not include a project such as herein where, although bare legal title is to be retained by COMIDA, its actual use will be decidedly private, and in which all aspects of ownership and control are to be retained by Detection. The actual use of the project will be totally private in nature and not “public”. Furthermore, the actual contracting for the project and the construction itself are done by private parties, not the public body'COMIDA, which acts as no more than a financing conduit in a sponsorship capacity.
This court is well aware of and fully appreciates the public policy behind both the prevailing wage legislation and that of the industrial development authority act. However, lacking any clear contrary statutory direction, the court must restrict the words “public work” or “public project” to their plain meaning as commonly understood. So restricted, I conclude that the Detection Systems Project is private and not public in nature and, as such, section 220 has no applicability thereto. This court, therefore, grants petitioner’s motion to permanently restrain and enjoin respondents from enforcing subdivision 3 of section 220 against the contractors involved in the Detection Project and further grants petitioner’s motion to quash the subpoena duces tecum previously issued by respondents.

. Authority from other jurisdictions is of limited value due to the differing statutory schemes in each State; this is particularly true for those States that provide a statutory *108 definition of “public work” or “public project”. However, the following cited decisions all find that industrial development bond projects are not public works or public projects for the purposes of the applicability of prevailing wage laws, and are useful to the determination to be made herein with the foregoing caveat. (Zickuhr v Bowling, 97 111 App 3d 534; State ex rel. Ashcroft v City of Sedalia, 629 SW2d 578 [Mo]; Daniels v City of Fort Smith, 268 Ark 157.)

. See, also, Long Is. Light. Co. v Industrial Comr. of State of N. Y. (40 AD2d 1003, 1004, affd 34 NY2d 725, citing Miele v Joseph, 280 App Div 408) to the effect that it is function which marks the public nature of the contracts.