■ In the Matter of SEWER ENVIRONMENTAL CONTRACTORS, INC., Petitioner, v HARRISON J. GOLDIN, as Comptroller of the City of New York, et al., Respondents. — Order and determination of respondent Comptroller of the City of New York, entered November 12, 1982, finding, *inter alia,* that petitioner willfully violated section 220 of the Labor Law by failing to pay prevailing wages and to provide prevailing supplemental benefits to its employees on two contracts with the Department of Environmental Protection of the City of New York, and directing the payment of $39,829.94 with interest at the rate of 16% to the employees, and assessing a civil penalty of $3,982.99 payable to the City of New York, unanimously modified, on the law, without costs or disbursements, to grant the petition to the extent of deleting the finding of a willful violation of section 220 of the Labor Law, thereby rendering the five-year sanction under section 220-b (subd 3, par b) of the Labor Law inapplicable, and vacating the award of a penalty and interest, and, except as thus modified, confirmed. Petitioner was awarded two contracts, each of approximately three months' duration, by the New York City Department of Environmental Protection for the removal and disposal of sewer deposits. Both contracts required that the wages paid must comply with the "prevailing rate of wage" as defined in section 220 of the Labor Law. Respondent's determination that sewer service contracts with the city are within the purview of section 220 of the Labor Law is rational since sewer cleaning involves repair. The "repair" of a public work is a public work. (See Labor Law, § 220, subd 3.) The test to be applied in determining what is a public work is function rather than magnitude. (*Matter of Miele v Joseph,* 280 App Div 408, 409.) The finding that petitioner failed to pay prevailing wages and supplemental benefits is based on substantial evidence. Moreover, the classification of certain employees as junior operating engineers and others as laborers is supported by the evidence. We do not believe, however, that the finding that petitioner willfully violated section 220 of the Labor Law is supportable on this record. Petitioner had been apprised by various agency officials in both this and prior instances that section 220 did not apply to sewer cleaning contracts. When it sought an

opinion from the Comptroller's office on the question, no response was forthcoming. In relying upon the advice given it cannot be said that petitioner's actions constitute a knowing or intentional violation of section 220 of the Labor Law. Absent a finding of willfulness, the automatic five-year ban on public work contracts as provided in section 220-b (subd 3, par b) of the Labor Law is inapplicable. Moreover, the award of a civil penalty and interest (see Labor Law, § 220, subd 8) is unwarranted in these circumstances where petitioner exhibited good faith in attempting to comply with the statute, the violation was not substantial, and petitioner's history reveals no past violations. Concur — Kupferman, J. P., Sullivan, Ross, Carro and Milonas, JJ.