■ In the Matter of JAMES F. HANLEY, as Commissioner of the City of New York Office of Labor Relations, Appellant, v WILLIAM C. THOMPSON, JR., as Comptroller of the City of New York, Respondent, and MICKEY McFARLAND, as President of Local 1157 of District Council 37, AFSCME, AFL-CIO, et al., Intervenors-Respondents. [838 NYS2d 59]—

Determination of respondent New York City Comptroller, dated March 2, 2006, establishing the prevailing wage rate for the title of supervisor highway repairer (SHR), unanimously confirmed, the petition denied and this Labor Law § 220 proceeding dismissed, without costs.

Substantial evidence supports the Comptroller's finding, after a thorough investigation that included a comparison of the civil service job specification and collective bargaining agreements, field surveys of private and public sectors in other cities, and a survey of private sector interviewees (*see Matter of Nash v New York State Dept. of Labor*, 34 AD3d 905 [2006], *lv denied* 8 NY3d 803 [2007]; *Matter of City of N.Y. Off. of Labor Relations v Comptroller of City of N.Y.*, 253 AD2d 596 [1998]), that SHRs and foremen of highway repairs in Locals 1010 (Road and Street Construction Laborers) and 1018 (Sheet Asphalt Workers) perform comparable duties.

We find no merit to petitioner's contention that SHRs cannot obtain the prevailing wage for performing manual labor that is not delineated in their job specification. SHRs' job specification is found in part 38 of the competitive class of New York City's civil service schedule, "The Skilled Craftsman and Operative Service." This is a prevailing wage title that cannot be challenged in the instant proceeding (*see Matter of Don v Joseph*, 1 NY2d 708 [1956]; *Matter of Golden v Joseph*, 307 NY 62 [1954]). Furthermore, the SHR "General Statement of Duties and Responsibilities" includes "performs related work." Testimony established that as part of their supervisory duties, SHRs were hands-on workers who performed "related" manual labor in instructing new employees and pitching in where necessary to insure that the work was done properly and kept on schedule; they thus faced the same risks as their crew (*see Austin v City of New York*, 258 NY 113 [1932]). SHRs are thus entitled to the same prevailing wage as the foremen who perform comparable duties in the private sector. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.