■ In the Matter of CITY OF NEW YORK et al., Petitioners, v JOHN LIU, as Comptroller of the City of New York, et al., Respondents. [941 NYS2d 83]—

Determination of respondent Comptroller of the City of New

York, dated October 13, 2010, establishing the prevailing wage rate for the titles of "laborers" and "city laborers," unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (commenced in this Court pursuant to Labor Law § 220 [8]), dismissed, without costs.

The Comptroller's finding that mason tenders in Local 79 perform comparable duties to laborers and city laborers is supported by substantial evidence. The Comptroller conducted a thorough investigation that included a comparison of the civil service job specification and collective bargaining agreements, a survey of private sector interviewees, discussions with management, and four site visits (*see Matter of Hanley v Thompson,* 41 AD3d 207, 208 [2007]).

The evidence adduced at the 10-day hearing established that, regardless of agency assignment, city laborers predominantly perform unskilled labor in connection with building construction and renovation projects. This includes loading, unloading and delivery of construction materials, demolition, assisting skilled construction trades, and clean-up of work sites. Further, the evidence established that city laborers engage in these tasks a "majority" of the time.

The record of the hearing compels us to reject petitioner's contention that the Comptroller made arbitrary distinctions between "in-title" work, i.e., demolition and assisting the trades, as opposed to "out-of-title" work, i.e., landscaping, digging trenches, erecting fences, and patching asphalt. The fact that city laborers might perform some landscaping was not fatal to a determination that these workers were primarily construction-related laborers.

Further, classifying both city laborers and mason helpers as mason tenders does not run afoul of the rule concerning the impropriety of paying workers for out-of-title labor (*see Matter of Kelly v Beame,* 15 NY2d 103, 109 [1965]; *Matter of Flannery v Joseph,* 300 NY 149, 155 [1949]). Although there may be some overlap between titles, this argument fails to consider the nature of these laboring positions and the broad list of duties assigned to them largely because of the general character of their job descriptions. Concur—Saxe, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.