Stabile v Dragonetti Bros. Landscaping Nursery & Florist, Inc. (2025 NY Slip Op 03028)

Stabile v Dragonetti Bros. Landscaping Nursery & Florist, Inc.

2025 NY Slip Op 03028

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Index No. 155071/23|Appeal No. 4399|Case No. 2024-03245|

[*1]Jesse Stabile, Plaintiff-Respondent,
v
Dragonetti Brothers Landscaping Nursery & Florist, Inc., et al., Defendants-Appellants.

The Law Firm of Adam C. Weiss, PLLC, Glen Cove (Daniel P. Smith of counsel), for appellants.
Virginia & Ambinder, LLP, New York (James E. Murphy of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about April 11, 2024, which denied defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
The complaint sufficiently alleges causes of action for breach of contract as third-party beneficiaries of public works contracts between the City of New York and defendant Dragonetti Brothers Landscaping Nursery & Florist, Inc., and for Dragonetti's failure to pay prevailing wages and supplemental benefits, on behalf of a class consisting of each and every person who performed tree pruning, cutting, chipping, and other related work upon public projects. In public works contracts, a contractor's employees have a third-party right to make a breach of contract claim for underpayment of wages (see Santana v San Mateo Constr. Corp., 234 AD3d 562, 563 [1st Dept 2025]). The complaint alleges that Dragonetti did not pay prevailing wages and supplemental benefits to the named plaintiff and members of the putative class who were employed by the company in jobs that required such payments under the contract with the City and pursuant to Labor Law § 220 (see Matter of Sewer Envtl. Contrs. v Goldin, 98 AD2d 606, 606 [1st Dept 1983]). Contrary to defendants' assertions, the complaint was sufficiently particular; the named plaintiff was not required to identify the specific dates of his employment, the specific contract from which he derived the right to payment at the prevailing wage rate, what wages he received, how the underpayment was calculated, or identify a specific underpayment.
The documentary evidence provided by defendants was insufficient to resolve all factual disputes as to whether the named plaintiff was paid at the prevailing wage rates in that the documents were not authenticated and were inadmissible. Moreover, the question of whether the named plaintiff was entitled to the prevailing wage rate and supplemental benefits with respect to the job in Queens was not conclusively established by defendants' evidence. Plaintiff is entitled to have the allegations of the complaint accepted as true in the context of a motion to dismiss (see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co, Inc., 37 NY3d 169, 175 [2021]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025